IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANNIE SANCHEZ,

          Plaintiff,

vs.                                         CIVIL NO.  10-662 MCA/LFG

ALBERTSON'S, INC.,

          Defendant.

## REPORT AND RECOMMENDATION[1]

### Introduction

THIS MATTER is before the Court *sua sponte*.  On October 19, 2009, Plaintiff Annie Sanchez ("Sanchez"), acting as a *pro se* litigant, filed a lawsuit against Defendant "Albertsons Inc." ("Albertson's") in state district court.[2]  [Doc. 1.] On July 15, 2010, Albertson's removed this proceeding to federal court. [Doc. 1.]  A Rule 16 scheduling conference was conducted on September 16, 2010, at which Sanchez and defense counsel were present.  Since the Fed. R. Civ. P. 16 scheduling conference, there is no indication that Sanchez has taken steps to actively prosecute her claim.  No certificate of service appears in the Court docket indicating that Sanchez served any written discovery on Albertson's, nor is there any certificate showing that Sanchez noticed or has taken any depositions.

---

[1]Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed by January 24, 2011, no appellate review will be allowed.

[2]Defendant states that its proper name is Albertson's LLC rather than Albertsons Inc. [Doc. 13.]

On November 8, 2010, Albertson's filed a Motion for Summary Judgment [Doc. 13]. Sanchez failed to respond to the motion, and the time for doing so has expired. On December 7, 2010, Albertson's filed its Notice of Completion of Briefing [Doc. 17].

On December 2, 2010, the Court gave notice of a telephonic status conference for December 16, 2010. [Doc. 16.] On the date and time of the conference, Defendant was ready to proceed through counsel, but Sanchez failed to appear. Sanchez did not seek to vacate the conference, request more time, or offer any reason why she could not attend the conference. As a result of Sanchez's non-appearance, the Court issued an Order to Show Cause [Doc. 19]. The Order required Sanchez to file a response and supporting affidavit explaining why Rule 16 sanctions, including dismissal of her case with prejudice, should not be entered. Notwithstanding the Court's directive, Sanchez failed to show cause for failing to appear.

## Analysis

As a result of Sanchez's apparent abandonment of her litigation and failure to comply with the rules of civil procedure and Court orders, the Court concludes that sanctions are appropriate. In Ehrenhaus v. Reynolds, 965 F.2d 916, 920-21 (10th Cir. 1992), the Tenth Circuit Court of Appeals noted that prior to imposition of sanctions, the Court should consider a number of factors. They include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and, (5) the efficacy of lesser sanctions. Id. at 921. *See also* Meade v. Grubbs, 841 F.2d 1512, 1520-22 (10th Cir. 1988) (discussing factors to consider in imposing sanctions).

## Degree of Prejudice to Opposing Party

Sanchez filed suit against Albertson's, thus requiring Albertson's to retain counsel, answer the complaint, and oppose Sanchez's requested relief.  Albertson's incurred costs and fees in defending the lawsuit Sanchez brought against it.  From the outset, Sanchez failed to comply with procedural obligations.  For example, she did not complete any of the Plaintiff's portion of the Joint Status Report, due in mid-September 2010.  [Doc. 8.] Albertson's incurred costs in preparing and filing its portion of the Joint Status Report, without any input from Sanchez.  However, Sanchez did provide information for an Amended Joint Status Report that was filed October 1, 2010, for which Albertson's again incurred fees in re-filing. [Doc. 12.]

At the September 16, 2010 Fed. R. Civ. P. 16 scheduling conference, the Court strongly recommended that Sanchez secure the services of counsel and provided her with telephone numbers for the lawyer referral service operated through the State Bar and the names of community-based legal services programs.  Sanchez was advised that until she secured legal counsel, she was required to comply with all obligations imposed upon her by the Federal Rules of Civil Procedure as well as the Court's orders.

No counsel entered an appearance on behalf of Sanchez.  Moreover, as noted above, Sanchez has failed to prosecute her case, failed to respond to pleadings filed by Albertson's, and taken no affirmative action to prosecute this matter, save for providing information for an amended Joint Status Report.

When the Court set a status conference to ascertain what steps are being taken to ensure that the case would be prepared and ready for trial, Sanchez failed to appear.  Again, Defendant was disadvantaged in that it incurred costs and fees for the failed conference and will likely incur additional costs and fees should the Court reschedule a Rule 16 conference.

3

The Court finds that there is significant prejudice to Albertson's and that Albertson's has been and will continue to be disadvantaged as a result of Sanchez's non-compliance.

## Interference With Judicial Process

Sanchez's non-compliance required the Court to spend more time and effort on this case than would otherwise be necessary. The Court was compelled to file an Order to Show Cause as a result of Sanchez's failure to appear at the Rule 16 telephonic status conference, and is now required to devote time to an analysis that would not have been necessary had Sanchez complied with her obligations under the rules and Court orders. This is time the Court could have devoted to other lawsuits.

The Court concludes that Sanchez's failure to comply with Court orders and obligations under the rules of procedure caused interference with the Court's case management plan and the judicial process.

## Culpability of the Litigant

Sanchez is a *pro se* litigant. Thus, all acts and omissions are her own, and not the fault of an attorney. If Sanchez were represented by counsel and the same failures occurred, then the attorney would be the proper party to suffer any sanction. In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984) (if the fault lies with the attorneys, that is where the impact of the sanction should be lodged).

In this case, Sanchez is responsible for failing to comply with Court orders and directives as well as her obligations under the procedural rules. Thus, the Court finds that Sanchez is the culpable party.

4

**Advanced Warning of Dismissal**

The Court must consider whether it gave a prior warning that a lawsuit may be dismissed. as a sanction.  *See, e.g.*, Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009); Wilner v. Univ. of Kansas, 848 F.2d 1023, 1030 (10th Cir. 1988), *cert. denied*, 488 U.S. 1031 (1989).  In this case, an express warning [*see* Doc. 19] was given.  The Court's Order to Show Cause states in its final paragraph:

> Sanchez is directed to show cause why Rule 16 sanctions, including dismissal of her case with prejudice, should not be imposed as a result of her failure to appear.  *See* Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).  Sanchez's written response and supporting affidavit should be filed no later than January 4, 2011.  Failure to respond to the Court's Order to Show Cause will result in sanctions, and may result in a proposed dismissal of the case.

[Doc. 19, p. 2].

Sanchez was specifically put on notice that dismissal of her case was a distinct possibility. Indeed, the Court's order indicated that failure to respond to the Order to Show Cause would result in sanctions.  Thus, Sanchez was previously warned that sanctions, including dismissal, could occur.

**Efficacy of Lesser Sanctions**

Notwithstanding the Court's earlier warning in the Order to Show Cause, Sanchez failed to comply with the Court's order and directive.  It appears that Sanchez ignored the Court's directive just as she ignored her discovery obligations and adherence with requirements imposed by Rule 26. Given these failures and ongoing non-compliance, the Court has no optimism that Sanchez will comply with future directives if given a lesser sanction and a further opportunity to litigate.

Indeed, it appears, for all intents and purposes, that Sanchez abandoned the prosecution of this case.  The Court concludes that lesser sanctions would not be effective under these circumstances.

5

## **Recommendation**

After considering the Ehrenhaus and Meade factors, the Court determines that the appropriate sanction is an order dismissing this case with prejudice.  Accordingly, this matter is referred to the trial judge with a recommendation that the lawsuit be dismissed with prejudice.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge